## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

DANNY RAY WILSON,                )
                                 )
            Petitioner,          )
                                 )
v.                               )          Case No. 12-CV-0679-CVE-PJC
                                 )
JASON BRYANT, Warden,            )
                                 )
            Respondent.          )

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner,

Danny Ray Wilson, a state prisoner appearing pro se. Respondent filed a response to the petition

(Dkt. # 7), and provided the state court record necessary for resolution of Petitioner's claims (Dkt.

## 8, 25). Petitioner filed a reply (Dkt. # 17). For the reasons discussed below, the petition for writ

of habeas corpus shall be denied.

## *BACKGROUND*

On August 29, 2009, Sylvia Vowell, a ninety-five (95) year old woman, awoke to find that

a man had broken into her home and entered her bedroom. (Dkt. # 8-1, Tr. Prelim. Hr'g at 9). The

man struck Vowell in the face and head, breaking Vowell's jaw. Id. at 9, 14. After collecting items

of personal property from Vowell's home, including a $100 bill and a BB gun, the man left the

residence. Id. at 10-11. Police located Petitioner near the scene, shortly after the crime, with

property taken from Vowell's home in his pockets. (Dkt. # 8-3, Tr. Sent. Hr'g at 11-12). In

addition, Vowell's DNA was found on gloves recovered from Petitioner's pockets. Id.

Based on these facts, Petitioner was charged by Information in Tulsa County District Court,

Case No. CF-2009-4259, with Burglary First Degree (Count 1) and Aggravated Assault and Battery

(Count 2), After Former Conviction of Two or More Felonies. (Dkt. # 8-5, O.R. at 11-16).

Petitioner's jury trial was set to begin on April 12, 2010. See Dkt. # 8-2, Tr. Blind Plea Hr'g at 2. That day, prior to commencing trial, Petitioner's attorney, David Phillips, noted on the record that he "had several conversations with Mr. Wilson as to the disposition of his case," and that while Petitioner had decided to proceed to trial, Phillips believed that choice was not in Petitioner's "best interests." Id. at 3. Instead, Phillips explained that he had advised Petitioner to either enter a blind plea or accept an offer from the prosecution. Id. After a discussion with the trial judge about the range of punishment Petitioner faced, and his available choices as to the disposition of his case, Petitioner informed the trial judge that he wished to enter a blind plea. See id. at 3-6. The trial judge recessed to allow Petitioner and his attorney to complete the required plea paperwork. Id. at 6. After the recess, Petitioner confirmed his decision and entered a blind plea of no contest to Counts 1 and 2 of the Information. Id. at 8. The trial judge ordered that a pre-sentence investigation report be completed. Id. at 10.

On June 10, 2010, after reviewing the pre-sentence investigation report and hearing argument from counsel, the trial judge sentenced Petitioner to thirty (30) years imprisonment on Count 1 and life imprisonment on Count 2, with the sentences to run consecutively. See Dkt. # 8-3, Tr. Sent. Hr'g at 13-14. During pre-trial and plea proceedings, Petitioner was represented by attorney David Phillips. See Dkt. # 8-2, Tr. Blind Plea Hr'g; Dkt. # 8-3, Tr. Sent. Hr'g.

On June 18, 2010, Petitioner filed a motion to withdraw his plea of no contest. (Dkt. # 8-5, O.R. at 73-74). On August 2 and 3, 2010, the trial judge held a hearing on Petitioner's motion to withdraw his plea. See Dkt. # 8-4, Tr. Mot. Withdraw Plea Hr'g. At the conclusion of the hearing, the trial judge denied the motion. Id. at 76. Attorney Ronald Daniels represented Petitioner at the hearing on the motion to withdraw his plea. Id. at 1.

Represented by attorney Terry J. Hull, Petitioner filed a petition for writ of certiorari in the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 7-1. He raised three (3) propositions of error:

Proposition I:    The trial court abused its discretion in denying Petitioner's request to withdraw his pleas on a record that failed to show he was competent to waive his constitutional rights to trial and understand the nature and consequences of his plea.

Proposition II:   Petitioner's guilty plea was not knowingly and intelligently entered because he was denied the effective assistance of counsel in violation of his rights under the 6th and 14th Amendments to the United States Constitution and Art. II, §§ 7 and 20, of the Oklahoma constitution.

Proposition III:  When counsel failed to act to protect his client's rights to a judicial determination of competency prior to the acceptance of his pleas, Petitioner was denied the effective assistance of counsel to which he is constitutionally entitled under the 6th and 14th Amendments to the United States Constitution and Art. II, §§ 7 and 20 of the Oklahoma constitution.

See id. In an unpublished summary opinion, filed March 22, 2011, in Case No. C-2010-820, the OCCA denied the petition for writ of certiorari. See Dkt. # 25-1.

On November 23, 2011, Petitioner filed his first application for post-conviction relief. See Dkt. # 7-3 at 3. Petitioner raised five (5) propositions, as follows:

Proposition I:    Defense counsel David Phillips had Petitioner purposefully waive preliminary hearing instead of requesting a postponement for time to fully investigate, interview witnesses and prepare a defense for trial.

Proposition II:   Original defense counsel failed to request a competency hearing and subpoena medical records and witnesses for testimony at such hearing before plea of guilty was obtained.

Proposition III:  Conflict between trial counsel and Petitioner on the day of trial coused [sic] trial counsel to be ineffective by convincing Petitioner to enter a blind plea becouse [sic] counsel was not prepared for a full blown trial.

| Proposition IV: | Petitioner was deprived his constitutional right to due process when he was denied a copy of the presentence report for disputing the factual findings and written statement verbally submitted by the state in aggravation of the punishment. |
| --- | --- |
| Proposition V: | Petitioner was denied effective assistance of counsel on direct appeal by counsel's failure to federalize the competency claim raised within counsel's number one proposition. |

Id. The trial court denied the application. Id. at 12. Petitioner appealed the trial court's denial to the OCCA.

While awaiting a decision from the OCCA, Petitioner filed a second application for post-conviction relief. See Dkt. # 7-5 at 3. As his sole proposition on error, Petitioner argued:

| Proposition I: | The State used false evidence that was placed upon Petitioner by Tulsa Police to obtain a plea of guilty using defense counsel as an advocate to facilitate the plea. |
| --- | --- |

Id. at 3-4. On April 26, 2012, the trial court denied the second application. Id. at 4-5. Petitioner filed a second post-conviction appeal to the OCCA. On August 14, 2012, in Case Numbers PC-2012-133 and PC-2012-417, the OCCA affirmed the trial court's denial of Petitioner's first and second applications for post-conviction relief. (Dkt. # 7-7).

On December 14, 2012, Petitioner commenced this federal action by filing his pro se petition for writ of habeas corpus (Dkt. # 1). Petitioner raises six (6) grounds of error, as follows:

| Ground I: | Petitioner's plea was not enter[ed] in accordance with the requirments [sic] of the federal law. There was no determination on the record to find out if Petitioner was competent at the time of Petitioner's no contest plea. |
| --- | --- |
| Ground II: | Petitioner's no contest plea was not knowingly and intelligently entered because he was denied effective assistance [of counsel]. |
| Ground III: | Counsel failed to protect his client's rights to a judicial determination of competency prior to plea. |

| Ground IV: | Defense counsel David Phillips had Petitioner purposely waive preliminary hearing instead of postponment [sic] to investigate. |
|---|---|
| Ground V: | Petitioner was denied effective assistance of counsel on direct appeal by counsel's failure to federalize the competency claim raised within the appellate counsel's number one proposition. |
| Ground VI: | The State used false evidence that was placed upon Petitioner by Tulsa police to obtain a plea of no contest using defense counsel as an advocate to facilitate the plea. |

See Dkt. # 1.[1]  Respondent argues that the OCCA's adjudication of Grounds I-III and V was not unreasonable or contrary to federal law, Ground IV lacks merit and must be denied, and Ground VI is procedurally barred.  See Dkt. # 7.

### *ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Petitioner raised Grounds I-VI on either certiorari or post-conviction appeal and he has exhausted state remedies as to those claims.

The Court also finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state

---

[1]      In Petitioner's reply, he details additional complaints about his attorney David Phillips.  See Dkt. # 17.  To the extent Petitioner raises new claims in his reply, see Dkt. # 17, these additional claims will not be considered.  See United States v. Jenkins, 904 F.2d 549, 554 n.3 (10th Cir. 1990) (noting that when a claim is raised only in a reply brief, the respondent is afforded no opportunity to address the claim).

convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions."  White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice."  White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)).  The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Richter, 562 U.S. at 99.  Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review

these claims under the deferential standard of § 2254(d).  Id. at 784; Schriro v. Landrigan, 550 U.S. 465, 474 (2007).  Further, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Grounds I-III on certiorari appeal, and Grounds IV-VI on post-conviction appeal.  See Dkt. ## 7-7, 25-1.  Therefore,  the § 2254(d) standard applies to this Court's analysis of those grounds.

## 1.  Trial court's denial of Petitioner's motion to withdraw his plea (Ground I)

As his first ground of error, Petitioner claims that the "trial court abused its discretion in denying petitioner's request to withdraw his pleas on a record that failed to show he was competent to waive his constitutional rights to trial and understand the nature and consequences of his plea." (Dkt. # 1 at 15).  Petitioner argues that when he entered his blind plea of no contest, "there was no examination, evaluation, or discussion whatsoever of his competency to do so."  Id. at 16.  Petitioner points to his affirmative response on the Plea of Guilty - Summary of Facts form showing that he had been previously treated for "paranoid-schizo/bi-polar" disorder, see Dkt. # 8-5, O.R. at 15, and argues that, because of this previous mental health treatment, the trial court was required to conduct further inquiry as to Petitioner's competence.  (Dkt. # 1 at 16).  In his reply, Petitioner argues that he "told trial counsel David Phillips that he was on medication that he was not tak[ing] that would interfere with his understanding."  (Dkt. # 17 at 6).  The OCCA denied Petitioner's claim on certiorari appeal, finding as follows:

> Wilson claims in Proposition I that the trial court failed to follow the procedure mandated in *King* and did not make a finding that Wilson was competent. Before accepting a guilty or no contest plea, the trial court should first determine whether a defendant is competent to plead by personal observation, and by asking

defense counsel and the defendant about the defendant's past and present mental state. *King v. State*, 1976 OK CR 103, ¶ 10, 553 P.2d 529, 534. We have found a defendant was competent to plead, without a record of any conversation between a defendant and the trial court, where the plea form indicated the defendant had not been treated for a mental illness, where the form showed his attorney had no reason to doubt his competency, and where the defendant was advised of his rights, understood them, and consulted with counsel. *Lozoya v. State*, 1996 OK CR 55, ¶ 38, 932 P.2d 22, 33. Wilson argues that the trial court must engage in a colloquy with a defendant in order to establish competence. The cases he cites were decided before this Court developed a mandatory plea of guilty form. The purpose of this form is to codify the *King* requirements, and to allow this Court the ability to determine a plea's validity. *Shepherd v. State*, 1996 OK CR 27, ¶ 7, 920 P.2d 1066, 1067; Form 13.10, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2011).

The record here shows that the trial court's inquiries were sufficient to determine Wilson was competent to enter his no contest plea. The trial court did not personally inquire of Wilson regarding his competency. However, Wilson's plea form indicated he was not taking any medications or substances which affected his ability to understand the proceedings, and had not been prescribed any medication he was not taking; understood the nature and consequences of the proceeding; understood his rights; understood he waived his rights by pleading; and had discussed the charges and plea with counsel. The plea form reflects that Wilson had been treated at Parkside hospital for "Paranoid - schizo/Bipolar, Thorzaine," but the record shows this treatment was twenty to thirty years before Wilson's plea was entered. Wilson's plea counsel, Phillips, avers in the plea form that he believed [Wilson] understood the nature, purpose and consequences of the proceeding, and was able to assist in formulating any defense. At the hearing on Wilson's motion to withdraw his plea, the trial court noted that at no time during the proceedings was there any suggestion that Wilson was not competent, and the court's observations were that Wilson was focused, engaged, and able to understand the nature of the proceedings. We find this procedure was sufficient, and we further find that the record does not support any conclusion that Wilson was not competent to enter his plea.

(Dkt. # 25-1 at 2-3). Respondent argues that the OCCA's denial of Petitioner's claim was not contrary to, or an unreasonable application of, federal law as established by the Supreme Court. See Dkt. # 7 at 5-10.

In <u>King v. State</u>, 553 P.2d 529 (Okla. Crim. App. 1976), the OCCA detailed the proper procedure that a trial court should follow when accepting a defendant's plea. As related to

competency, the OCCA held that before accepting a guilty plea, "the trial court must first determine if the defendant is competent by appropriate interrogation of the defendant, and his defense counsel . . . regarding the defendant's past and present mental state as well as by the defendant's demeanor before the court." King, 553 P.2d at 534. The OCCA emphasized that the plea procedure detailed in King was necessary to "insure that an accused's plea of guilty [was] voluntarily and intelligently entered as mandated by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969)." Id. at 532. In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." A plea is not voluntary unless the defendant knows the direct consequences of his decision. Id. Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973).

In addition, although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995). The Tenth Circuit emphasizes the importance of plea colloquies: "This colloquy between a judge and a defendant before accepting a guilty plea is not pro forma and without legal significance. Rather, it is an important safeguard that protects defendants from incompetent counsel or misunderstandings." Fields v. Gibson, 277 F.3d 1203, 1214 (10th Cir. 2002).

While Petitioner argues that his disclosure of previous treatment for mental illness required that the trial court conduct a personal colloquy with Petitioner regarding his competency to plead no contest, Petitioner provides no support for this argument. Petitioner's arguments are further belied by the "Plea of Guilty - Summary of Facts" form filed in Petitioner's state district court case. See Dkt. # 8-5, O.R. at 64-70. On the first page of the form, Petitioner affirmed that he could read and understand the form. Id. at 64 ¶ 5. He identified David Phillips as his lawyer. Id. at 64 ¶ 2. While Petitioner did state that he had previously been treated for mental illness, see id. at 64 ¶ 8, he answered "No" to the questions, "Are you currently taking any medications or substances which affect your ability to understand these proceedings?" and "Have you been prescribed any medication that you should be taking, but you are not taking?" Id. at 64 ¶¶ 6, 7. Petitioner affirmed that he understood the nature and consequences of the proceeding, understood the charges against him and the range of punishment for each charge, had advised his lawyer regarding any available defenses, and had his lawyer's advice. Id. at 64-66 ¶¶ 9, 15, 16, 20, 21. Petitioner's attorney affirmed that he believed Petitioner understood the nature, purpose and consequences of the proceeding, and he was satisfied that Petitioner's waivers and pleas were voluntarily given. Id. at 67 ¶ 33. The trial judge found that Petitioner was "competent for the purpose of [the] hearing." Id. at 67 ¶ 36.

During the plea proceeding, the trial court confirmed that Petitioner understood the nature and consequences of his blind plea of no contest. See Dkt. # 8-2, Tr. Blind Plea Hr'g at 7- 10. Further, at the hearing on Petitioner's motion to withdraw his plea, the trial judge explained that "at no time during any of the[ ] proceedings in which Mr. Wilson appeared before [the trial court] . . . has there been any suggestion of lack of competence." (Dkt. # 8-4, Tr. Mot. Withdraw Plea Hr'g

at 74).  The trial judge went on to note that Petitioner had always appeared "to be focused, engaged, and very able to understand the nature of the proceedings."  Id.

A finding of competency is a finding of fact.  Wallace v. Ward, 191 F.3d 1235, 1244 (10th Cir. 1999) (applying § 2254(e)(1) to a finding of competency).  Petitioner has failed to present clear and convincing evidence to rebut the trial court's finding of fact that he was competent when he entered his blind pleas of no contest.  28 U.S.C. § 2254(e)(1).  In addition, Petitioner has failed to show that the OCCA's rejection of his claim that the trial court erred by not allowing Petitioner to withdraw his plea was contrary to, or an unreasonable application of, federal law as established by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in state court.  28 U.S.C. § 2254(d).  Habeas relief on Ground I is denied.

**2.      Petitioner's blind plea was not knowingly and intelligently entered due to ineffective assistance of counsel (Ground II)**

As his second ground of error Petitioner argues that "counsel's failure to competently evaluate [Petitioner's] case and . . . render competent advice on whether to enter a plea . . . fell below the professional norms to which [a] reasonable defense counsel is held."  (Dkt. # 1 at 17).  Petitioner argues that, due to his attorney's deficient performance, his blind pleas were not knowingly or intelligently entered.  Id. at 6, 17.  In his reply, Petitioner states that "after a thorough investigation of the prosecutor's evidence, no competent or reasonable lawyer in the same circumstances" would have advised Petitioner to enter a plea.  (Dkt. # 17 at 9).  The OCCA denied Petitioner's claim on certiorari appeal, finding as follows:

> We find in Proposition II that Wilson's plea counsel was not ineffective. Wilson must show both that counsel's performance was deficient and that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  We review counsel's performance against an objective standard of reasonableness under prevailing professional norms,

and we will not second-guess strategic decisions. *Harris v. State*, 2007 OK CR, ¶ 29, 164 P.3d 1103, 1114-15; *Rompilla v. Beard*, 545 U.S. 374, 380-81, 125 S. Ct. 2456, 2462, 162 L. Ed. 2d 360 (2005). Wilson must show that, absent counsel's errors in advising him on the plea, he "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). The record shows that plea counsel advised Wilson a trial court might sentence him to less time on a blind plea than he would get in a jury trial, that the court might give him more or less time than the State's offer, and that if Wilson wanted to be sure of his sentence he should take the State's offer. The record does not support Wilson's suggestions either that there was confusion regarding the State's offer, or that plea counsel had failed to properly consult with Wilson and investigate his case, or that the facts of the case and Wilson's previous hospitalization should have caused counsel to question his competency.[2] Wilson fails to show that, but for counsel's advice, he would not have entered a blind plea. *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. We will not find counsel ineffective.

(Dkt. # 25-1 at 3-5) (footnotes omitted). In response, Respondent argues that the OCCA's decision was not contrary to, or an unreasonable application of, federal law as established by the Supreme Court. See Dkt. # 7 at 11-17.

First, to the extent Petitioner argues that his blind pleas were not knowingly and intelligently entered, his claim is denied. As detailed above in Section 1, the Supreme Court has held that a guilty plea must be entered into "knowingly and voluntarily." Boykin, 395 U.S. 238 (1969). A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991).

In this case, the record reflects that Petitioner's blind pleas were voluntarily and knowingly entered. The day Petitioner entered his blind plea of no contest, his case was set to go to trial. See

---

[2]     Within Ground II of his habeas petition, Petitioner does not argue counsel was ineffective for failing to question his competency. Therefore, this Court will not address that argument here.

Dkt. # 8-2, Tr. Blind Plea Hr'g at 2.  During preliminary discussions, plea counsel informed the trial judge that he and Petitioner had previously discussed the disposition of the case, and that he had advised Petitioner that a jury trial would not be in his "best interests" based on the facts and circumstances of Petitioner's case.  Id. at 3.  Plea counsel stated that he had instead advised Petitioner to either accept the State's plea offer of thirty-five (35) years or enter a blind plea to the court.  Id.

The trial court then discussed with Petitioner each of the options mentioned by plea counsel. Id. at 3-4.  The trial court explained to Petitioner that, if he chose to proceed to trial, the "jury would be instructed that if they found you guilty, the penalty for both of these counts would be up to life." Id. at 3-4.  The trial court then detailed the consequences of the thirty-five (35) year plea offer from the State.  Id. at 4.  Finally, the trial judge explained the meaning and consequences of a blind plea. Id. at 5.  Regarding the blind plea, the trial judge stated, "I want to make it very clear, you have no way of knowing what my decision will be.  It will simply be within the range of punishment provided by Oklahoma law."  Id.  The trial judge emphasized that it was "not [his] job to pressure" Petitioner, and that jurors were present and "ready to start the trial."  Id. at 4, 6.

After this lengthy colloquy, the trial judge asked Petitioner "Is it your intention to go forward with this case?"  Id. at 4.  Petitioner answered "Not really" and informed the trial court that he "just want[ed] to get it settled."  Id.  Petitioner then stated he wanted to enter a "blind plea."  Id. at 6.  At that time the trial judge took a recess to allow Petitioner to complete the necessary plea paperwork with his attorney.  Id.  The transcript of the subsequent plea confirms that Petitioner understood both the charges against him and the consequences of entering a plea.  See id. at 4-10.  In addition, the trial judge explained the trial rights that Petitioner was waiving by pleading guilty, and again

confirmed that Petitioner understood the meaning of entering a blind plea of no contest. See id. at 7-10.

Petitioner's allegations are also belied by the "Plea of Guilty - Summary of Facts" form filed in Petitioner's case. See Dkt. # 8-5, O.R. at 64-70. Petitioner affirmed that he understood the nature and consequences of the proceeding, understood the charges against him and the range of punishment for each charge, had advised his lawyer regarding any available defenses, and had his lawyer's advice. Id. at 64-66 ¶¶ 9, 15, 16, 20, 21. Significantly, Petitioner answered "Yes" to the question, "Do you believe your lawyer has effectively assisted you in this case and are you satisfied with his/her advice?" Id. at 66 ¶ 21. Petitioner also confirmed that he was pleading no contest of his own free will and "without any coercion or compulsion of any kind." Id. at 66 ¶ 30. Finally, Petitioner swore under oath that he had reviewed the form with his attorney, understood its contents, that his answers were true and correct, and that he understood he could be prosecuted for perjury if he had made false statements to the court. Id. at 66-67 ¶ 32.

At the hearing on Petitioner's motion to withdraw his plea, the trial judge stated that the "court gave Mr. Wilson the opportunity to go forward with the jury trial, and there was never any hint that [the trial judge] was pressuring him into entering a plea." (Dkt. # 8-4, Tr. Mot. Withdraw Plea Hr'g at 74). In addition, the trial judge noted the plea form demonstrated that Petitioner's plea was entered voluntarily and that he understood the consequences of his plea. See id. Under 28 U.S.C. § 2254(e)(1), these findings are presumed correct unless Petitioner rebuts the presumption of correctness afforded to the trial court by clear and convincing evidence. Petitioner has not presented clear and convincing evidence sufficient to demonstrate that his plea was unknowing or involuntary. As a result, he has failed to rebut the presumption of correctness afforded to the state

court's finding of fact that Petitioner's plea of guilty was knowingly and voluntarily entered. See Dkt. # 8-5, O.R. at 64 ¶ 36.

Next, Petitioner's claim that his counsel was ineffective for failing to "evaluate" Petitioner's case and "render reasonable competent advice on whether [Petitioner should] enter a plea," see Dkt. # 1 at 17, is denied.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Richter, 562 U.S. at 104; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 689. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Richter, 562 U.S. at 104. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If

Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. See Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. Petitioner bears the burden of demonstrating that the OCCA unreasonably applied Strickland.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. In accord with Strickland, a defendant challenging the effective assistance of counsel during the guilty plea process must show counsel's performance was deficient and that such deficient performance prejudiced him. Id. at 57-58. As the Court explained in Hill,

> [I]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59. However, "a petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (citing United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993)). Rather, the Court "look[s] to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Id.

Petitioner claims that his counsel, David Phillips, was ineffective for "fail[ing] to learn and evaluate [the] facts or law of the case before communicating an estimate of the outcome." (Dkt. # 1 at 17). However, Petitioner fails to demonstrate what "facts or law" his attorney failed to learn before advising Petitioner. Petitioner simply alleges that his attorney's failure to "evaluate his case"

led to counsel providing incompetent advice regarding whether Petitioner should enter a plea. These conclusory allegations are insufficient to overcome the presumption that counsel's performance "falls within the wide range of reasonable professional assistance." See Strickland, 466 U.S. at 689.[3]

In addition, the record refutes Petitioner's claims that his attorney provided ineffective assistance during either pre-trial plea proceedings or the entry of Petitioner's blind plea of no contest. First, the record demonstrates that counsel and the trial judge discussed with Petitioner the applicable sentencing range and the potential outcomes of a plea and a jury trial. See Dkt. # 8-2, Tr. Blind Plea Hr'g. At the hearing on Petitioner's motion to withdraw his plea, counsel testified he advised Petitioner that, based on the "facts and circumstances" of the case, he believed a jury "probably would" give Petitioner a "considerably harsher sentence than what the State had offered at 35 years, or [the] judge might do at a blind plea." See Dkt. # 8-4, Tr. Mot. Withdraw Plea Hr'g

---

[3] To the extent Petitioner argues that his attorney was ineffective for failing to "investigate" the case, his claim is denied. In his reply, Petitioner points to counsel's failure to "get an independent second opinion on the DNA evidence" found on the gloves recovered from Petitioner's pockets when he was apprehended after the crime. (Dkt. # 17 at 12). This claim is unexhausted. However, in light of the procedural posture of this case it would be futile to require Petitioner to return to the state court to exhaust and the claim is subject to imposition of an anticipatory procedural bar. Anderson v. Sirmons, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (stating that an "'anticipatory procedural bar' occurs when the federal courts apply a procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it). Furthermore, Petitioner fails to demonstrate a reasonable probability that, had counsel conducted further investigation of the DNA evidence, the outcome of his case would have been different. Therefore, this claim is denied on the merits under 28 U.S.C. § 2254(b)(2). In addition to the proposed DNA testing, Petitioner makes general statements that his counsel failed to investigate the prosecution's evidence before advising Petitioner to enter a plea. See Dkt. # 1 at 5. However, Petitioner does not explain what additional investigations counsel failed to conduct, or what information would have been located through these unidentified investigations. Further, after review of the record, it is clear that this is not a case where counsel failed to conduct an investigation or prepare for trial. The record demonstrates that counsel met with Petitioner to discuss the case, filed discovery motions, and was prepared to proceed with trial on the day of Petitioner's plea. See Dkt. # 8-4, Tr. Mot. Withdraw Plea Hr'g at 4-5, 16; see also Dkt. # 8-5, O.R. at 31-36, 45-47.

at 11.  Counsel testified that he explained to Petitioner that, if he entered a blind plea,  "it was the discretion of the judge as to what would happen."  Id. at 10.  Counsel stated that he advised Petitioner, "if he wanted to be sure, then [ ] to take the State's recommendation . . . I also told him that . . . the judge might do better than the State's offer, might not do better than the State's offer.  So that was an option for him to consider."  Id. at 15.  Counsel confirmed that he did not pressure Petitioner to enter a plea, explaining, "[w]e were perfectly prepared to go to trial and try the case, and Mr. Wilson called it off at the midnight hour."[4]  Id. at 16.

Petitioner has also failed to show prejudice as required by Strickland.  In his reply, Petitioner argues that, absent his attorney's alleged errors, he would not have pleaded no contest and would instead have insisted on proceeding to trial.[5]  (Dkt. # 17 at 10).  While this allegation by Petitioner is required to satisfy the prejudice prong of Strickland, the Court must "look to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial."  Miller, 262 F.3d at 1072.  In this case, the factual circumstances surrounding Petitioner's plea do not demonstrate a reasonable probability that Petitioner would have proceeded to trial.  See id.  Petitioner had fourteen (14) prior felony convictions and faced a maximum life sentence on each

---

[4]     Within Ground VI, Petitioner states that "on the day of trial at the defense counsel's table David Phillips informed Petitioner that he was not prepared for trial and advised Petitioner [to] either take the deal offer by the prosecutor or enter a blind plea."  (Dkt. # 1 at 26). However, Petitioner offers no evidence or support for this statement, and the record does not support Petitioner's assertion.

[5]     To the extent Petitioner argues that his attorney's alleged deficient performance caused Petitioner to reject, or otherwise not accept, the State's plea offer, his claim is denied.  See Missouri v. Frye, 132 S. Ct. 1399 (2012).  The record demonstrates that counsel did not advise Petitioner to reject the State's offer, and instead specifically advised Petitioner to either accept the State's offer or enter a blind plea to the trial court.  In addition, Petitioner has failed to show a reasonable probability that he would have accepted the State's plea offer.

count of the Information. (Dkt. # 8-4, Tr. Mot. Withdraw Plea Hr'g at 9). The factual basis supporting Petitioner's pleas was that he broke into the home of the elderly victim and beat her, breaking her jaw. See Dkt. # 8-2, Tr. Blind Plea Hr'g at 9. In addition, strong evidence in the case, including DNA evidence, connected Petitioner to the crime. See id.; see also Dkt. # 8-3, Tr. Sent. Hr'g at 11-12.

Without more, Petitioner has failed to show either deficient performance or prejudice. See Strickland, 466 U.S. at 696-97. Counsel's strategic decision to recommend that Petitioner enter a plea was well within the range of reasonable professional assistance. Therefore, Petitioner has failed to demonstrate that the OCCA's adjudication was contrary to, or an unreasonable application of Strickland. 28 U.S.C. § 2254(d). Habeas corpus relief on Ground II is denied.

### 3. Ineffective assistance of trial counsel (Grounds III and IV)

In Grounds III and IV Petitioner asserts additional claims of ineffective assistance of trial counsel. (Dkt. # 1 at 19-21). Petitioner alleges that trial counsel provided ineffective assistance by failing to ensure that the trial court determined Petitioner's competency (Ground III), and for advising Petitioner to waive preliminary hearing (Ground IV).

To be entitled to habeas corpus relief on his claims of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication was an unreasonable application of Strickland, 466 U.S. 668 (1984). As detailed above in Section 2, under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687.

### a. Failure to ensure trial court determined Petitioner's competency (Ground III)

In Ground III, Petitioner asserts that trial counsel "unreasonably failed to discharge his professional responsibility to ensure that either examination or determination of his mentally ill client's competency to waive trial rights and understand the nature and consequences of entering his pleas was undertaken by the trial court." (Dkt. # 1 at 19). To demonstrate prejudice as required by Strickland, Petitioner argues that "counsel's deficient performance directly resulted in allowing Petitioner to enter, and the trial court to accept, constitutionally invalid pleas." Id. The OCCA rejected Petitioner's claim on certiorari appeal, finding,

> [P]lea counsel was not ineffective for failing to ensure that the trial court found [Petitioner] was competent to enter his no contest plea. We found in Proposition I that the trial court's procedure sufficiently determined Wilson was competent. We further found in Proposition I that nothing in the record supports any suggestion Wilson was not competent to enter his plea. Given these findings, Wilson cannot show he was prejudiced by counsel's failure to insist on a personal colloquy with the trial court, or to raise the issue of Wilson's competency.

(Dkt. # 25-1 at 5). In response, Respondent argues that the OCCA's decision was not contrary to, or an unreasonable application of, federal law as established by the Supreme Court. See Dkt. # 7 at 18.

Petitioner has failed to show that the OCCA's denial of his claim was contrary to, or an unreasonable application of, Strickland. As the OCCA found, and this Court addressed in Section 1, the record demonstrates that Petitioner was competent to enter his plea and understood the nature and consequences of his decision. Petitioner has provided no evidence to support his argument that counsel provided deficient performance for failing to require that the trial court personally inquired of Petitioner regarding his competency. In addition, even assuming counsel's performance was constitutionally deficient, Petitioner has failed to show prejudice. While Petitioner argues counsel's

ineffective assistance "directly resulted" in the trial court accepting his "constitutionally invalid plea[s]," Petitioner has failed to show that his pleas were invalid. As determined above, the record demonstrates that Petitioner was competent to plead no contest and his pleas were knowingly and voluntarily entered. Petitioner has failed to show that absent counsel's alleged errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694. Habeas relief on Ground III is denied.

### b. Advising Petitioner to waive preliminary hearing (Ground IV)

In Ground IV, Petitioner argues that trial counsel was ineffective for "purposely [instructing Petitioner to] waive preliminary hearing instead of requesting a postponement for time to fully investigate and interview witnesses and prepare a defense for trial, resulting in damage." (Dkt. # 1 at 21). Petitioner claims his attorney's actions "assisted the State in the prosecution more than the defense of his client," and the result was "textbook ineffectiveness, at a constitutional magnitude." Id. The OCCA denied Petitioner's claim, finding that he had failed to "explain how the District Court erred in denying [this claim] on grounds of res judicata."[6] (Dkt. # 7-7 at 4). In response, Respondent argues that Petitioner's claim is without merit. See Dkt. # 7 at 17-18.

If, on habeas review, a claim can easily be disposed of on the merits, a habeas court need not review the procedural status of the claim. Fields v. Gibson, 277 F.3d 1203, 1217-18 (10th Cir. 2002) (citing United States v. Wright, 43 F.3d 491, 496 (10th Cir. 1994)). As Petitioner's Ground IV is easily resolved on the merits, this Court will not examine the OCCA's procedural ruling based on res judicata and instead will address the merits of Petitioner's claim.

---

[6] The state district court found that "Petitioner's appellate counsel in fact raised propositions of error arguing ineffective assistance of counsel" on certiorari appeal to the OCCA. (Dkt. # 7-7 at 4). Based on this finding, the state district court concluded Petitioner's claim was barred on res judicata grounds. Id.

Petitioner's preliminary hearing was set for December 8, 2009.  See Dkt. # 8-1, Tr. Prelim. Hr'g.  At the beginning of the hearing, defense counsel informed the trial judge that Petitioner wanted to waive his right to a preliminary hearing.  Id. at 4.  However, the State wished to proceed with the preliminary hearing to preserve the victim's testimony.  Id. at 5.  The prosecutor noted that if, after the victim's testimony, the defense still wanted to waive preliminary hearing the State would not object.  Id.  The trial judge then allowed the preliminary hearing to begin, and the State called the victim as its first witness.  Id. at 7-8.  At the conclusion of her testimony, Petitioner's attorney again expressed Petitioner's desire to waive preliminary hearing.  Id. at 24.  The trial judge then questioned Petitioner directly, while under oath, concerning his decision to waive the remainder of preliminary hearing.  See id. at 25.  The trial judge confirmed that (1) Petitioner was thinking clearly, (2) he had discussed the decision to waive with his attorney, (3) his waiver was voluntary, (4) he understood the consequences of his waiver, and (5) he did not have any questions regarding the waiver.  Id. at 25-27.  Petitioner's attorney also informed the court that Petitioner was competent to waive the remainder of preliminary hearing.  Id. at 27.  The trial judge accepted Petitioner's waiver, finding that it was "knowingly and voluntarily made."  Id.

Petitioner argues that, by "ha[ving] Petitioner purposely waive preliminary hearing instead of postpon[ing] [ ] to fully investigate, interview witnesses, and prepare a defense for trial," trial counsel performed deficiently.  See Dkt. # 1 at 21.  While Petitioner claims his attorney's advice to waive preliminary hearing resulted in "damage," Petitioner fails to explain this statement, or provide any other argument establishing prejudice.  Petitioner's unsupported allegations are insufficient to overcome the presumption that counsel's performance "falls within the wide range of reasonable professional assistance."  See Strickland, 466 U.S. at 689.  Habeas relief on Ground IV is denied.

### 4.　　Ineffective assistance of appellate counsel (Ground V)

In Ground V, Petitioner claims that his appellate counsel, Terry J. Hull, provided ineffective assistance of counsel.  See Dkt. # 1 at 22-23.  Specifically, Petitioner alleges that his appellate counsel was ineffective for failing to "federalize" Petitioner's competency claim on certiorari appeal to the OCCA.  Id. at 22.  Petitioner argues that while appellate counsel presented a "well researched and articulated" brief in support of Petitioner's first proposition of error on certiorari appeal relating to the trial court's determination of his competency, it lacked adequate citation to federal law.  Id.  Petitioner acknowledges that appellate counsel cited to Boykin, a federal case; however, he claims that Boykin "only federalizes the claim of guilty pleas," and that counsel failed to cite additional federal law "to protect her client's rights to an adequate direct appeal concerning competency during a plea of no contest."  Id.  The OCCA cited Strickland, and denied Petitioner's claim on post-conviction appeal, finding as follows:

> Petitioner claims his appellate counsel was ineffective because she "fail[ed] to federalize the competency claim raised within appellate counsel's Number One proposition."  The "Number One proposition" to which Petitioner refers from his certiorari appeal claimed error occured when Petitioner was not allowed to withdraw his no contest pleas.  Proposition One based that claim on the argument that the record was insufficient to show that Petitioner, at the time of his pleas, was competent to waive trial and competent to understand the nature and consequences of the pleas.  On post-conviction, Petitioner now argues that his appellate counsel was ineffective in presentation of the Proposition One error because "n[o] federal legal authority has been cited in the argument," and because of this deficiency, Petitioner cannot seek habeas relief in the federal court without first exhausting the federal issues concerning competency through post-conviction proceedings.

> Of course, Petitioner's appellate counsel was not appointed to represent Petitioner in federal habeas proceeding but only in state appellate proceedings for a writ of certiorari.  With regard to that state appeal proceeding, Petitioner readily acknowledges that appellate counsel's first proposition was "well researched and articulated in her brief in chief."  Moreover, there is glaringly absent from Petitioner's Proposition 5 any explanation about how appellate counsel's alleged ineffectiveness in failing to "federalize" the first proposition of error in his certiorari

appeal resulted in Petiitoner being denied relief in that appeal. Additionally, Petitioner neglects to suggest what federal authorities he believes his counsel should have cited in the certiorari appeal and how failure to cite them caused the result of that appeal to be unreliable.

From the foregoing, it becomes clear that Petitioner wholly fails to establish that he was deprived of the effective assistance of counsel in his certiorari appeal.

(Dkt. # 7-7 at 7-8) (internal citations omitted). In response, Respondent argues that the OCCA's decision was not contrary to, or an unreasonable application of, federal law. See Dkt. # 7 at 19-22.

To be entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel, Petitioner must demonstrate that the OCCA's adjudication was an unreasonable application of Strickland, 466 U.S. 668 (1984). As detailed above in Section 2, under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687.

Petitioner has failed to show that the OCCA's decision was contrary to, or an unreasonable application of, Strickland. Petitioner offers no argument or authority to support his claim that appellate counsel was ineffective for failing to adequately "federalize" his competency claim on certiorari appeal. In addition, Petitioner has failed to show that, absent appellate counsel's failure to cite additional federal law, the outcome of his state appeal would have been different. Habeas corpus relief on Ground V is denied.[7]

---

[7] After completing his argument that appellate counsel was ineffective for failing to "federalize" his competency claim, Petitioner notes that "appellate counsel was ineffective for not bringing a claim which was obvious from the exhibits in the record." (Dkt. # 1 at 23). It is unclear if Petitioner is attempting to make an additional claim of ineffective assistance of appellate counsel. Petitioner does not explain what claim appellate counsel failed to raise or what evidence and/or exhibits appellate counsel "overlooked." See id. Therefore, to the extent Petitioner raises an additional claim of ineffective assistance of appellate counsel related to counsel's failure to raise an unidentified issue, the claim is denied.

**C.    Procedural Bar (Ground VI)**

Petitioner first raised Ground VI in his second application for post-conviction relief.  See

Dkt. # 7-5 at 3-4.  In Ground VI, Petitioner argues that "the State used false evidence that was placed

upon Petitioner by Tulsa police to obtain a plea of no contest using defense counsel as an advocate

to facilitate the plea."  (Dkt. # 1 at 24).  The OCCA cited OKLA. STAT. tit. 22, § 1086, and

determined Ground VI was procedurally barred, finding as follows:

> The District Court found that these latest issues could have been raised by
> Petitioner in his first post-conviction application.  The District Court therefore
> concluded that Petitioner was procedurally barred from raising it in this subsequent
> application.
>
> In this appeal of that decision, Petitioner asserts that it was error to find his
> claim procedurally barred, because, he alleges, it is a claim based on newly
> discovered evidence.  The evidence that Petitioner presents as "newly discovered"
> are police photographs of the crime scene and reports of the police investigation and
> arrest of Petitioner.  Other than to say it occurred after he entered his no contest
> pleas, Petitioner is not specific as to when he personally obtained copies of this
> evidence.  Despite this deficiency, however, it is clear Petitioner possessed the
> information before December 13, 2011, as he filed a Motion for New Trial in the
> District Court on that date that relied on this evidence.  Judge Kellough denied
> Petitioner's Motion for New Trial on December 30, 2011, stating in his order,
> "Defendant's only available remedy is through an Application for Post-Conviction
> Relief."
>
> It is thereby apparent that Petitioner possessed his alleged "newly discovered
> evidence" prior to adjudication of his first post-conviction application and likely
> knew of it when filing that application on November 23, 2011.  He therefore cannot
> demonstrate error in the District Court having found his second post-conviction
> application's claim based on that evidence was a claim that was procedurally barred
> by reason for his failure to have raised it in his first post-conviction application.

(Dkt. # 7-7 at 9-10) (internal citations and footnotes omitted).  The OCCA also noted that,

> It appears Petitioner personally possessed at least a portion of this evidence prior to
> his direct appeal, as he has alleged that his appellate counsel was ineffective for
> overlooking it.  Moreover, Petitioner states in his Motion for New Trial that when
> being transported to the Department of Corrections, he provided one of the reports
> to the attorney representing him at sentencing and at the motion to withdraw pleas.

25

Id. In response, Respondent argues that the OCCA's decision that Ground VI is procedurally barred must be respected. See Dkt. # 7 at 22-27.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim that was resolved on an independent and adequate state procedural ground, unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly in the "vast majority" of cases. Id. at 986 (citation omitted).

Applying the principles of procedural default to these facts, the Court concludes that Ground VI is procedurally barred from this Court's review. The state court's procedural bar as applied to this claim was an independent ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." See id. at 985. The OCCA based its decision solely upon Oklahoma rules and case law, including OKLA. STAT. tit. 22, § 1086. In addition the procedural bar applied by the OCCA was based on an adequate state ground. See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (holding OKLA. STAT. tit. 22, § 1086 "is an independent and adequate state ground for denying habeas relief"). Therefore, the procedural bar imposed by the OCCA on the claims raised in Ground VI was based on state law grounds independent and adequate to preclude federal review.

Because of the procedural default of Petitioner's claim in state court, this Court may not consider the claim unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim are not considered. See Coleman, 501 U.S. at 750. First, "the fundamental miscarriage of justice exception is an extremely narrow exception, implicated only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (quoting Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993) (internal quotation marks omitted)).  To establish a fundamental miscarriage of justice, a petitioner "must support his allegations of innocence with 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'"  Cole v. New Mexico, 58 F. App'x 825, 830 (10th Cir. 2003) (unpublished)[8] (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).  Petitioner has failed to make this showing.  While Petitioner asserts that he is innocent and "failure to review this claim would result in a fundamental miscarriage of justice," see Dkt. # 1 at 28, he provides no new evidence to support this allegation.  Therefore, Petitioner does not fall within the narrow "fundamental miscarriage of justice" exception.

Petitioner may also overcome the procedural bar by demonstrating cause and prejudice. "Cause" must be "something *external* to the petitioner, something that cannot fairly be attributed to him . . . ."  Coleman, 501 U.S. at 753.  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. See Murray v. Carrier, 477

---

[8]     This and other unpublished court decisions herein are not precedential but are cited as persuasive authority, pursuant to Tenth Circuit Rule 32.1.

U.S. 478, 488 (1986). As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). "Pro se litigants do not enjoy a more lenient standard," Frye v. Raemisch, 546 F. App'x 777, 785 (10th Cir. 2013) (unpublished) (citing Andrews v. Deland, 943 F.2d 1162, 1189 n.41 (10th Cir. 1991)), and a petitioner's status as a pro se prisoner does not constitute "cause" for the procedural default. Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993) (citing Rodriguez v. Maynard, 948 F.3d 684, 687-88 (10th Cir. 1991)).

Petitioner argues ineffective assistance of appellate counsel as cause for the procedural default. (Dkt. # 1 at 30). However, the OCCA found Petitioner's claim was procedurally barred because he did not raise it within his first application for post-conviction relief. As the Tenth Circuit has held, "there is no constitutional right to an attorney in state post-conviction proceedings." Coleman, 501 U.S. at 752. For that reason, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Id. Therefore, Petitioner has failed to show "cause" for his procedural default. In the absence of "cause" or a showing that a fundamental miscarriage of justice will result if his defaulted claim is not considered, the Court concludes that Ground VI is procedurally barred from federal habeas review. See Coleman, 501 U.S. at 750. Habeas corpus relief on Ground VI is denied.[9]

_____

[9]    The Court acknowledges that, within additional pages appended to the Ground VI argument, Petitioner raises several vague complaints about both trial and appellate counsel. See Dkt. # 1 at 25-27, 29-30. The Court has carefully reviewed these additional pages and finds that these vague, unsupported claims do not warrant relief. Petitioner has failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

**D.     Certificate of Appealability**

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decisions by the OCCA is debatable among jurists of reason. <u>See</u> <u>Dockins v. Hines</u>, 374 F.3d 935, 938 (10th Cir. 2004). As to the claim denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the claim on procedural grounds is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.     The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2.     A separate judgment in favor of Respondent shall be entered in this matter.

3.     A certificate of appealability is **denied**.

**DATED** this 17th day of September, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE